Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Theresa M. Santos
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Office:(702) 901-7553; Fax: (702) 974-1297
*Attorneys for Plaintiff, Judith Palmer*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUDITH PALMER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CLIFTON LARSON ALLEN, LLP., a foreign corporation; AND DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:18-cv-01397<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Judith Palmer (herein "PLAINTIFF") and files this civil action against Defendants, and each of them, for violations of The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.; as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

//

//

//

//

## JURISDICTION AND VENUE

1. This Court has jurisdiction and venue over this action pursuant to The Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 et seq.; 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §2000e which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 29 U.S.C. §621 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of PLAINTIFF instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated June 4, 2018. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

///

## PARTIES

### PLAINTIFF

8. PLAINTIFF, JUDITH PALMER, is a qualified/eligible "employee" of Defendant, CLIFTON LARSON ALLEN, LLP., within the meaning of 29 U.S.C. §630(f).

### DEFENDANTS

9. Defendant, CLIFTON LARSON ALLEN, LLP., (hereinafter "CLA") is a Nevada corporation qualified to do business in Nevada. Defendant employs 20 or more employees and as such, is an "employer" within the meaning of 29 U.S.C. §630(b). Defendant has offices located at 10191 Park Run Dr., Ste. 200, Las Vegas, Nevada 89145.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

### STATEMENT OF FACTS

11. PLAINTIFF is a 58 year old female with a date of birth of September 15, 1959. PLAINTIFF is a former employee of Defendant CLA, where she worked as Client Services Representative. At the time of her employment, PLAINTIFF'S pay included a salary of $59,000.00 annually.

12. PLAINTIFF is a member of the class of females over the age of 40 protected by the civil rights law referenced herein.

13. PLAINTIFF was employed by Defendant CLA from January 2017 until January 11, 2018.

14. PLAINTIFF worked for Main Amundson & Associates from November 15, 2004 until January 2017. Main Amundson & Associates merged with CLA in January 2017.

15. Effective with the merger, partners Jim Main and John Amundson became principals of CLA.

16. Effective with the merger, PLAINTIFF became an employee of CLA.

17. Immediately upon becoming an employee of CLA, PLAINTIFF received a raise and her job title changed to client services representative.

18. Shortly after Main Amundson & Associates merged with CLA, in approximately January or February 2017, CLA provided office-wide training on its computer systems. This meeting was conducted by a female employee in her 30s from CLA's home office in Minneapolis, Minnesota. This female trainer stated in front of everyone that DEFENDANT would never have hired PLAINTIFF if she had not been working for Main Amundson & Associates at the time of the merger because CLA is a younger company.

19. In approximately January or February 2017, CLA hired Maggie Badio, a female in her mid-20s, as an office administrator.

20. Maggie Badio was PLAINTIFF'S supervisor.

21. Almost immediately after she was hired, Maggie Badio began harassing PLAINTIFF about her age.

22. Maggie Badio regularly gave PLAINTIFF work assignments. Once PLAINTFF had completed the assignment, Maggie Badio would submit the completed work to the partners in the office indicating that she, Maggie Badio, had completed the work. When PLAINTFF addressed this issue with Maggie Badio, Maggie Badio stated to PLAINTIFF that the work "looked better coming from [her] because [she] [was] younger and they trust[ed] [her] brain to get the work done."

23. During a period of time when CLA's office was undergoing renovations, with wiring and construction materials strewn throughout the office, PLAINTIFF tripped and fell over a loose wire. Maggie Badio saw PLAINTIFF trip. Ms Badio laughed at PLAINTIFF at told her that she wouldn't have fallen if she was younger.

24. Maggie Badio and John Zanoni, one of CLA's managing principals, regularly assigned Plaintiff menial tasks, such as taking the trash – including heavy boxes – to the

COMPLAINT
-4-

dumpster, traveling to purchase office supplies, and picking up lunch for the office. Maggie Badio and John Zanoni laughed if PLAINTIFF dropped items and Maggie Badio regularly made remarks about PLAINTIFF's need to take Epsom salt baths for her "tired old bones."

25.  In the fall of 2017, PLAINTIFF approached John Zanoni for clarification regarding a new work assignment. In response to PLAINTIFF'S question, John Zanoni told PLAINTIFF that she "needed to take [her] old age thinking cap off and put on a newer, younger version on and then [she] might be able to figure it out."

26.  At some point in the final quarter of 2017, Maggie Badio assigned PLAINTIFF a budgeting task, with instructions to get the assignment from a younger co-worker named Maria. Maria refused to provide PLAINTIFF with the necessary documents so that she could complete her task.

27.  When PLAINTIFF informed Maggie Badio and John Zanoni about Maria's refusal to provide the necessary documents, Maggie Badio informed her, in front of John Zanoni, that she could learn the task another time because she (PLAINTIFF) was "having issues catching on with [her] older mind."

28.  In December 2017, during the office holiday party, John Zanoni brought in a bicycle and informed the office that everyone, except PLAINTIFF, had to ride it. John Zanoni stated in front of the entire office that PLAINTIFF was too old and CLA didn't want to take a chance with her.

29.  DEFENDANT began discharging former Main Amundson & Associates employees in approximately December 2017.

30.  The first former Main Amundson employee that was replaced was Dan Cunningham, a male employee in his 50's. Main Amundson replaced Dan Cunningham with Vipul Tikmany, a male in his 20s or 30s.

31.  Deb Gale, the second Main Amundson employee that was replaced, was 64 years old and was also replaced with female employee in her 20s.

32.  PLAINTIFF was fired on January 11, 2018.

33. PLAINTIFF was informed of her termination from employment in a meeting with John Amundson and Maggie Badio.

34. John Amundson informed PLAINTIFF that her employment was being terminated because the company "was going in a younger, more exciting direction."

35. At the time of her termination from employment, PLAINTIFF was qualified for the position she held of Client Services Representative.

## COUNT I
## AGE DISCRIMINATION
### 29 U.S.C. §§621-634
### NV Rev. Stat. §613.330 *et seq.*

36. PLAINTIFF hereby incorporates paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. The subjection of Plaintiff to disparate treatment and adverse employment actions by defendants in whole or substantial part because of her age was in violation of the ADEA, 29 U.S. C. §623 and NRS 613.330 et. seq.

38. Defendant CLA's violation of the ADEA was intentional, willful and deliberate and Plaintiff seeks liquidated damages for each violation.

39. Defendant CLA's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

40. Defendant CLA, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of CLA as described above and thereby ratified the unlawful conduct of its agents or supervisors.

41. As a direct and proximate result of Defendant CLA's discriminatory actions as alleged herein, Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the

rights and remedies at law provided by the ADEA, 29 U.S.C. §216(b) including actual damages, liquidated damages, and attorneys' fees, in an amount to be proven at trial.

42.     PLAINTIFF requests relief as described in the Prayer for Relief below.

### COUNT II
### HOSTILE WORK ENVIRONMENT
Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)

Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)

NV Rev. Stat. §613.330 *et seq.*

43.     PLAINTIFF hereby incorporates paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.     PLAINTIFF was subjected to verbal comments of an age-related nature during her employment with CLA which was perpetrated upon her by Defendant, and that this conduct was based upon and directed at PLAINTIFF by reason of her age.

45.     The conduct was unwelcome.

46.     The conduct was sufficiently severe or pervasive to alter the conditions of the PLAINTIFF's employment and create an abusive and/or hostile work environment;

47.     This harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with PLAINTIFF'S physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

48.     Plaintiff perceived the working environment to be abusive or hostile.

49.     During the times referenced herein, PLAINTIFF was subject to a number of inappropriate comments made by her supervisor, Maggie Badio, and Defendant's managing principal, John Zanoni. Maggie Badio made highly inappropriate comments to PLAINTIFF such as her need to take Epsom salt baths for her "tired old bones" and her "tired old mind." John Zanoni told Plaintiff that "[she] needed to take [her] old age thinking cap off and put on a newer, younger version on and then [she] might be able to figure it out."

50. As a direct and proximate result of the harassing and hostile environment of CLA and her supervisors, PLAINTIFF suffered great embarrassment, humiliation and mental and physical anguish.

51. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

52. CLA through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of CLA described above thereby ratifying the unlawful conduct of its agents or supervisors.

53. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

54. In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages. The Defendants' conduct described herein was engaged in by managing agents for Defendant and/or ratified by managing agents.

55. PLAINTIFF requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

A. Grant PLAINTIFF economic loss including front and back pay, plus interest.

B. Grant general and special damages in amounts according to proof pursuant to U.S.C. §2617, 42 U.S.C. §1983, and other applicable statutes.

C. Grant liquidated damages in amounts according to proof.

D. Grant punitive damages to deter and punish the defendants;

E. Grant reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3), and other applicable statutes.

F. Grant costs of suit incurred herein; and

G. Grant such other and further relief as the court deems just and proper.

DATED: July 27, 2018					WATKINS & LETOFSKY, LLP

					By:	/s/ Daniel R. Watkins
						DANIEL R. WATKINS
						THERESA M. SANTOS
						8215 S. Eastern Ave., Ste. 265
						Las Vegas, NV 89123
						*Attorneys for Plaintiff, Judith Palmer*

### REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED: July 27, 2018.                    WATKINS & LETOFSKY, LLP

                              By:    /s/ Daniel R Watkins
                                     DANIEL R. WATKINS
                                     THERESA M. SANTOS
                                     8215 S. Eastern Ave., Ste. 265
                                     Las Vegas, NV 89123
                                     *Attorneys for Plaintiff, Judith Palmer*

# EXHIBIT 1

# EXHIBIT 1

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Judy Palmer
8413 Glistening Dew Ct
Las Vegas, NV 89131

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2018-00579 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Rosa M. Viramontes,
District Director

June 4, 2018
(Date Mailed)

Enclosures(s)

cc: H.R. Director
CLIFTON LARSON ALLEN
10191 W. Park Run Dr. #200
Las Vegas, NV 89145